IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| TINA EASLEY and CAROLINE EASLEY, | |
|---|---|
| Plaintiffs, | |
| vs. | CIVIL ACTION NO. 10-CV-3922(TON) |
| WORLDWIDE RECOVERIES, LLC and DANIEL SCHIELE a.k.a. DAN DURBIN, a.k.a. DAN DURBINSCHIELE and CHRIS MEYERS and JOHN DOES 1-10, | |
| Defendants. | |

## PLAINTIFFS' DAMAGES HEARING MEMORANDUM AND APPLICATION FOR STATUTORY ATTORNEYS FEES

The Clerk has entered the Defendants' default.[1] On January 20, 2011, the Court will hold a hearing on Plaintiffs' request for awards of statutory damages and actual damages, and statutory attorney's fees and costs, pursuant to the Fair Debt Collections Practices Act ("FDCPA"). This memorandum will review the relief available to the Plaintiffs.

Each plaintiff seeks an award of actual damages, primarily in the nature of emotional distress damages, to be determined by the Court after hearing evidence. Each also seeks an award of statutory damages in the amount of $1,000.00. Finally, Plaintiffs seek an award of statutory attorney's fees and costs.

## ACTUAL DAMAGES

The Third Circuit has expressly recognized emotional distress damages as precisely the type of harm to arise from violations of the subsections of the Consumer Credit Protection Act ("CCPA"), of which the FDCPA is a part. *See Cortez v. Trans Union*, 617 F.3d 688, 719 (3d

---

[1] Plaintiffs direct the Court to their Motion for Default Judgment for a timeline of service of process made on Defendants in this matter. Plaintiffs also note that a copy of the Court's December 20, 2010 Order scheduling this damages hearing was duly served upon Defendants by first class mail. See Certification of Andrew M. Milz, filed herewith.

1

Cir. 2010). In *Cortez*, the Circuit Court affirmed an actual damage award of $50,000 consisting of emotional distress-type damages for a consumer whose credit reports inaccurately listed her as being on a terrorist watch list. *Cortez,* 617 F.3d at 720. The same analysis used in FCRA cases applies to violations of the FDCPA. *See Smith v. Law Offices of Mitchell N. Kay*, 124 B.R. 182, 188 (D. Del. 1991) ("when a violation of the FDCPA has been established, actual damages for emotional distress can be proved independently of state law requirements.").

Tina Easley suffered worry, aggravation, stress, anxiety, sleeplessness and other emotional distress damages as a result of Defendants' false threats of garnishment and suit, and calls to her mother, workplace and home despite her cease and desist request. Her mother, Caroline, suffered worry and distress after Defendants' call about a "legal matter" involving Tina. As set forth below, the FDCPA cases involving similar conduct demonstrate results on a continuum, depending upon the nature of the misconduct and the level of resulting damage:

- In *Boyce v. Attorney's Dispatch Service*, 1999 WL 33495605 (S.D. Ohio Apr. 27, 1999) the collection agency made "numerous" phone calls to a husband and wife in which the collector referred to himself as an "officer" and said the husband "could face criminal prosecution." In a default posture, the district court awarded $6,000.00 to one plaintiff and $4,000.00 to another for their emotional distress damages.

- In *McHugh v. Check Investors, Inc.,* 2003 WL 21283288, (W.D. Va. May 21, 2003), the federal court awarded $25,163.00 in actual and punitive damages for a debt collector's intentional infliction of emotional distress in a case in which the debt collector sent the consumer a dunning letter demanding immediate payment of a debt, which she had already paid, and then during a telephone call, threatened her with immediate arrest if she did not remit payment within one hour.

- In *Guajardo v. GC Servs., LP*, U.S.D.C. S.D. Tex. No. 08-00119 (Jury verdict dated Mar. 16, 2010) a federal jury returned a verdict of $40,000 in actual emotional distress damages under the FDCPA (trebled to $120,000 under state law) for the debt collector's telephone harassment, false threats of suit, and calls to the consumers' employer.

- In *Panahiasl, et al. v. Gurney, et al.*, 2007 WL 738642 (N.D. Cal. Mar. 8, 2007) the district court awarded two consumers $50,000 and $10,000 in damages respectively based on declarations attesting to the distress suffered as a result of the debt collector's unrelenting phone calls to the workplace.

- In *Robertson v. Horton Bros. Recovery, Inc.*, 2007 WL 2009703 (D. Del. July 3, 2007), the district court awarded actual damages of $75,000 under the FDCPA for plaintiffs' emotional and other actual damages stemming from a repossession company's 'threatening, offensive and vulgar nature of their phone calls [including to plaintiffs' employer] and visit to the Robertsons' home."

- In *Fausto v. Credigy,* U.S.D.C. N.D. Cal. No. 07-05658 (Jury verdict dated Apr. 3, 2009) a jury returned a verdict of $50,000 in actual emotional distress damages under the FDCPA for each husband and wife plaintiff and against the defendant collector for the collector's 92 calls after receipt of the plaintiffs' cease-and-desist request (the jury also awarded $400,000 in state-law punitive damages). *See Fausto v. Credigy*, 598 F. Supp. 2d 1049 (N.D. Cal. 2009) (denying collector's motion for summary judgment).

The Easleys' testimony justifies a substantial award for their emotional distress damages. Plaintiff provides these citations to guide the Court's damage assessment.

### STATUTORY DAMAGES

Under Section 1692k of the FDCPA, statutory damages in an amount up to $1,000 are awardable for violating the Act. In determining the amount of statutory damages awarded, the Act provides a non-exclusive list of factors, including "the frequency and persistence of noncompliance by the debt collector, the nature of the noncompliance, and the extent to which such noncompliance was intentional." 15 U.S.C. § 1692k(b)(1). Here, Defendant's actions were egregious, in that Defendant Worldwide and its agents repeatedly and unabatedly called Tina's place of work despite her many pleas for them to stop and despite knowing where she could be located. Defendants were so brazen as to impermissibly contact another third-party, Tina's mother Caroline, and falsely imply legal action against Tina. When called to account for its harassment of Tina and Caroline, Worldwide never filed an Answer or challenged the entry of default, effectively demonstrating its low regard for this Court's process and for the federal law

that governs the Defendants' business. This demonstrates that Defendants neither take this case, nor its obligations under the FDCPA, seriously.

A primary purpose of allowing statutory damages under the FDCPA is to encourage consumers to bring actions against collectors who violate the Act, even absent actual damages. *See Withers v. Eveland*, 988 F. Supp. 942 (E.D. Va. 1997) (awarding full statutory damages to deter future improper collection practices). Awarding full statutory damages encourages consumers to stand up for their rights, begin to redress a debt collector's wrong, and reinforces the remedial nature of the FDCPA. *See Crossley v. Lieberman,* 90 B.R. 682, 682 (E.D. Pa 1988). Awarding only a nominal statutory damage would not send the needed and appropriate message to the offending debt collector nor properly reward consumers.[2]

In *Nelson v. Select Financial Services, Inc.*, 2006 WL 1672889 at *2 (E.D. Pa. June 9, 2006), Judge Dalzell found the debt collector's cavalier attitude toward its FDCPA obligation supported a full award of $1,000.00. Similarly here, although Worldwide was perseverant (to the point of harassment) in its efforts to collect this old debt, when twice served with a federal lawsuit detailing its illegal conduct and then Plaintiff's request for entry of default, it did nothing to address this matter. Because of the "low regard" Worldwide holds for the federal law that governs its business, a full award of statutory damages in the amount of $1000 each for Tina and Caroline and counsel fees will be necessary to get its attention and compliance. *See id*.

## **ATTORNEYS FEES**

The FDCPA is a fee-shifting statute, and § 1692k(a)(3) of the FDCPA permits the award of "costs of the action, together with a reasonable attorney's fees as determined by the court."

---

[2] The $1,000.00 limit on statutory damages has not been raised since the enactment of the FDCPA in 1977. Senate Report No. 95-382, U.S. Senate (Aug. 2, 1977). $1,000 statutory damage today does not have the same deterrent effect as it did when the FDCPA was enacted.

4

Our Court of Appeals held an award of counsel fees to a prevailing FDCPA Plaintiff to be mandatory, absent unique circumstances not here present. *Graziano,* 950 F.2d at 111-13. This encourages the enforcement of the FDCPA through "private attorneys general." *Id.; see also Weiss v. Regal Collections,* 385 F.3d 337, 345 (3d Cir. 2004) (same). The fee request here of $6,434.00 plus costs of $551.13 is reasonable, fully documented, and should be granted.[3]

Statutory counsel fees are designed to encourage competent counsel to accept fee-shifting cases on contingent fees. *See Graziano,* 950 F.2d at 111-13; *Student Public Interest Res. Group v. AT&T Bell Laboratories, Inc.*, 842 F.2d 1436, 1449 (3d Cir. 1988). There is likewise no requirement that the amount of attorneys fees awarded be proportionate to the amount of recovery. *See Morris v. IC Sys., Inc.*, 2009 WL 1362594 (E.D. Pa. May 15, 2009) (O'Neill, J.); *Nelson, supra*.

The lodestar method is used as the basis to calculate an award of attorney fees. *Washington v. Philadelphia Court of Common Pleas,* 89 F.3d 1031, 1035 (3d Cir. 1996). The lodestar method of calculating attorney fees involves multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. *Id*.

As provided in the attached Certification of Andrew M. Milz, Plaintiff has incurred $6,434.00 in attorney fees and $551.13 in costs in bringing this action, inclusive of the preparation and filing of the within fee application.[4] A breakdown of those fees and costs is attached to Mr. Milz's Certification (Exhibit "A" hereto, at Exhibit "1" to Cert.), which are usual and customary in this type of consumer litigation.

---

[3] Upon proffer of a properly documented fee request, the burden is on Defendant to point to specific entries or issues it challenges. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183, 1188-89 (3d Cir. 1990). Because Defendants have not appeared in this matter to challenge liability or damages, there is no challenge to the reasonableness of the fees and costs sought, and each should be allowed in the sum of $6,434.00 and $551.13 respectively.

[4] Attorneys' fees incurred in preparing a fee application are recoverable as well. *David v. City of Scranton*, 633 F.2d 676 (3d Cir. 1980).

As set forth in the timesheets, attached to Mr. Milz's Certification, Plaintiff's legal counsel has spent an aggregate of 26.60 hours on this matter. The legal fees and costs include conferring with the Plaintiff, preparing the Complaint and cover sheets; filing and serving the Complaint; locating and effecting service on Defendant, moving for the entry of default; moving for default judgment; serving notice of the damages hearing on defendants; preparing this damages memorandum (including its application for fees); preparing for the damages hearing including: witness preparation, drafting certifications, compiling exhibits and attending the damages hearing. All the time was reasonably spent pursuing this matter. (*Id.*)

The bulk of the work on this case (21.8 hours) was performed by Andrew M. Milz ("AMM"). As set forth more fully in Milz's Certification attached hereto as Exhibit "A", $245.00 is the present billing rate for 2011 for consumer credit matters in which Milz is engaged and represents a reasonable market based rate for his services. Mr. Milz is a fourth-year associate at the Lundy, Flitter firm. He is a 2008 graduate of the Temple University School of Law where he was Executive Editor of the *Temple Political & Civil Rights Law Review* and was awarded distinctions for his brief writing and Outstanding Oral Advocacy in Temple's Integrated Trial Advocacy Program. Mr. Milz has federal jury trial experience and has been involved with dozens of consumer matters on an individual and class basis in his time as an associate at the Lundy, Flitter firm. His 2009 hourly rate of $210.00 was approved by Judge Rufe in the FDCPA case *Rosenau v. Unifund*, 646 F. Supp. 2d 743 (E.D. Pa. 2009).

Milz offers in support of his rate his detailed bio in his own certification as well as the most recent (2010) market rate survey by the respected *National Law Journal*. Mr. Milz's rate of $245.00 an hour is lower than, or very near the *lowest* associate rates charged by large Philadelphia based firms. (*See* Ex. "B" hereto, *National Law Journal* survey dated December 6, 2010, "low" associate rates: Blank Rome ($250.00), Fox Rothschild ($235.00), Pepper Hamilton ($230)).

Theodore E. Lorenz, a partner in the Lundy, Flitter firm, oversaw Mr. Milz's prosecution of this case and spent 1.3 hours on case strategy and editing drafts. Mr. Lorenz is an experienced litigator, as set forth in the Certification dated November 18, 2010 submitted in a recent matter in this District fashioned *Jones v. Client Services,* No. 10-343. The Lorenz Certification is attached hereto as Exhibit "C". Mr. Lorenz's hourly rate of $410.00 is reasonable and appropriate for an attorney of his skill and experience in the region. (*See* Exhibit "B", *NLJ Survey*).

Work which could be performed by a legal assistant was done at a rate of $160.00 per hour. Legal Assistant Nancy Flitter ("NGF") spent 3 hours coordinating client intake related to this matter early in the case. Joan Raughley ("JMR") provided .5 hours of services in document preparation and organization. (See Ex. "A", Milz Certification at Ex. "1" thereto, Lundy Flitter timesheets). Ms. Raughley's 2009 rate of $145.00 was likewise found reasonable by the Court in *Rosenau*, 646 F. Supp. 2d at 757.

The firm has expended a total of $551.13 in costs in this litigation. As set forth in the billing records attached to Mr. Milz's Certification, these costs include a filing fee of $350.00, costs associated with Federal Express and personal service of process out in California, and Westlaw expenses of approximately $56.

A summary of the legal fees and costs incurred is as follows:

| | | |
|---|---|---|
| Andrew M. Milz – 21.8 x $245.00 an hour | = | $5,341.00 |
| Theodore E. Lorenz – 1.3 x $410.00 an hour | = | $533.00 |
| Nancy G. Flitter – 3.0 x $160.00 an hour | = | $480.00 |
| Joan M. Raughley – .5 x $160.00 an hour | = | $ 80.00 |
| **SUB-TOTAL** | **=** | **$6,434.00** |
| Costs | **=** | **$551.13** |
| **TOTAL COSTS AND FEES** | **=** | **$6,985.13** |

It bears note that most of these legal fees could have been avoided by Defendants promptly and properly responding to the summons and Complaint and coming forward to settle the matter in light of the palpable violations of the FDCPA.

## **CONCLUSION**

Plaintiffs will testify as to their actual damages and will ask the Court to award to them monetary amounts commensurate with the damages that they suffered as the result of Defendants' egregious and outrageous collection campaign against Tina Easley. Plaintiffs also seek a maximum statutory damages award of $1,000.00 each as an incentive for future compliance with the FDCPA by the Defendants.

Finally, as supported in the attached Certification of counsel, and in keeping with pertinent case law, Plaintiffs request an award of fees of $6,434.00. Plaintiff also requests an award of costs in the amount of $551.13.

Respectfully submitted,

DATE: 1/19/11

*/s/Andrew M. Milz*
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorney for Plaintiffs

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781